## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## Case No. 1:12 cv 119

| | | |
|---|---|---|
| Educational Credit Management Corporation,  and Georgia Student Finance Authority a/k/a Georgia Higher Education Assistance Corporation, | ) ) ) ) ) | |
| Appellants and Cross-Appellees, | ) ) | **ORDER** |
| vs. | ) ) | |
| John R. Follett, | ) ) | |
| Appellee and Cross-Appellant. | ) ) | |
| _____ ____ | ) | |

**THIS MATTER** is before the Court on the cross-appeals of the Movant and Respondent from an order of the Bankruptcy Court imposing sanctions on Respondent Georgia Student Finance Authority/Georgia Higher Education Assistance Corp. (GSFA), and denying the imposition of sanctions against Respondent Education Credit Management Corporation (ECMC).

The Debtor, John Follett (Debtor) obtained a student loan from Citibank.  Debtor asserts that he thereafter became totally disabled as a result of injuries sustained in an auto accident.  He filed for bankruptcy and then filed an adversary proceeding seeking discharge of the student loan

debt based on undue hardship. He named only Citibank as a defendant in that adversary proceeding. Citibank defaulted, and judgment was entered on February 17, 2009, discharging Debtor's obligations to Citibank. Thereafter, the Note was assigned to ECMC.[1] ECMC was aware of the Debtor's bankruptcy and the judgment in the adversary proceeding, but nonetheless took a very aggressive approach with Debtor's counsel that the discharge of the debt did not apply to ECMC. [B Doc. 17 at 2-4, 15-20].[2] ECMC then sold the Note to Wells-Fargo on May 18, 2011. [B Doc. 17 at 4 n.1]. GSFA acted, presumably as a servicing agent on behalf of Wells-Fargo,[3] and undertook aggressive actions seeking to collect the debt from the Debtor.

After reviewing certain documents showing GSFA's collection efforts (but which documents were apparently not filed in the record) the Bankruptcy Court entered an order sanctioning GSFA for its willful violation

---

[1] GSFA argues in its brief that Citibank assigned the Note to its guarantor, USA Funds, on February 13, 2009, just four days before the judgment of discharge was entered, and that USA Funds subsequently assigned the Note to ECMC. [Doc. 5 at 6 n.1]. This, however, appears to be unsupported by the record, and no party identifies any document in the record where this information can be found.

[2] Citations to the record in the Bankruptcy Court, Case No. 08-10788, will have a prefix of "B" before the Docket number. Citations without such prefix are to the record in this Court.

[3] At the hearing on the matter, the attorney for ECMC stated that she "suspect[ed] they [GSFA] might be a servicer of the loan," [B Doc. 31 at 9], but there is no evidence in the record to which any party has cited that supports this suspicion.

of the Bankruptcy Court's discharge judgment, but denying any relief against ECMC.  Both GSFA and the Debtor appeal.[4]

The Debtor appeals the denial of sanctions against ECMC.  He asserts that several of the Bankruptcy Court's findings in the order are unsupported by the record.  The findings to which he assigns error are as follows:

> 5. Debtor never named or served ECMC, the federal guarantor of his student loan holding an interest separate and distinct from Citibank's interest, with the Summons and Complaint [in the adversary proceeding].
>
> 6. ECMC's guarantor interest in Debtor's federal student loan was not discharged by the default judgment entered against Citibank.
>
> 7. On the date of this hearing, ECMC's interest in Debtor's student loan had been repurchased by Wells Fargo, pursuant to federal regulations.  [GSFA] was servicing Debtor's student loan on behalf of Wells Fargo.
>
> 8. A review of ECMC's records indicated that ECMC had not engaged in collection activities against the Debtor and could not have because the loan was in a "repurchase' status and was held by Wells Fargo.  As was true when Debtor filed his adversary proceeding, ECMC was, at the time of this hearing, the federal guarantor of his loan.

---

[4] The Notice of Appeal [Doc. 1] identifies both GSFA and ECMC as appealing from the Order of the Bankruptcy Court, even though ECMC was the prevailing party.  ECMC appears to assign no error.  Debtor has also appealed from the Order.  All *three* briefs from the attorney for GSFA and ECMC, however, appear to address only GSFA's issues, and none argue to defend the denial of relief against ECMC. [Doc. 5, 7, 9].  This is particularly curious because at the hearing before the Bankruptcy Court ECMC appeared to defend but GSFA did not.  Those roles are, in substance, reversed here.

9. ECMC explained to this court its position that the default judgment entered against Citibank in the adversary proceeding did not affect its guarantor interest in Debtor's student loan.

10. ECMC also explained that the debtor has been and remains an eligible and logical candidate for a Total and Permanent Disability (TPD) Discharge that would fully resolve debtor's student loan obligations against any and all past and future interested parties

[B Doc. 24 at 2]. In addition, he assigns error to a footnote in the Bankruptcy Court's order that reads in pertinent part that "[GSFA] has never held any right, title, or interest in the student loan debt owed by Debtor. [GSFA] in this instance, is a servicer for Wells Fargo." [Id. at 2].

Several of Debtor's points are well taken. There is nothing in the record to show that ECMC was the guarantor on Debtor's student loan debt. In fact, in its brief to this Court, GSFA asserts that the guarantor was USA Funds, and that any assignment to ECMC was not effectuated until after the judgment had been entered against Citibank. [Doc. 5 at 6 n.1]. This is of great importance, as both ECMC's arguments below and GSFA's arguments here are entirely dependent upon ECMC having had some right against the Debtor pursuant to a guaranty that was separate and apart from the Debtor's discharged obligation to Citibank on the Note.

Both ECMC and GSFA argue that they were seeking to enforce the guarantor's right of reimbursement, and not the debt on the Note itself.

4

They argue that these are two different claims. In this they are correct. Harrison v. Brent Towing Co. Inc. (In re H&S Transp. Corp., Inc.), 939 F.2d 355, 359 (6th Cir. 1991) ("A guarantor or surety for the debtor will be a creditor under the [Bankruptcy] Code because the guarantor holds a contingent claim against the debtor that becomes fixed when the guarantor pays the creditor whose claim was guaranteed."); Wedell v. Sallie Mae, Inc. (In re Wedell), 329 B.R. 59, 61 (W.D. Wash., 2005) ("The maker's obligation to the noteholder and the obligation that may arise to a guarantor upon payment of the guarantee are two separate and distinct obligations."); Austin v. UMPAC/MHEAA (In re Austin), 294 B.R. 258, 260 (E.D. Va. 2003); Garmhausen v. Sallie Mae Service Corp., (in re Garmhausen), 262 B.R. 217, 222 (Bankr. E.D.N.Y. 2001) (debtor's obligation to original noteholder and to guarantor "are two distinct obligations and the mere fact that [the guarantor] now holds both of them does not transform them into one."). That, however, would not be the end of the inquiry. Assuming GSFA's assertion in its brief is correct and the guarantor was USA Funds, then any collection efforts by ECMC on a right of reimbursement would be wholly dependent on the assignability of USA Funds' right of reimbursement, and whether such assignment was effectuated. There is nothing in the record to show such an assignment having taken place.

Case 1:12-cv-00119-MR   Document 10   Filed 03/29/13   Page 5 of 8

Moreover, the Bankruptcy Court did not make any ruling regarding the assignability of the right of reimbursement, so such conclusion is not before this Court on appeal. These two crucial components being absent, the Order of the Bankruptcy Court must be reversed and this matter remanded for further proceedings.[5]

For similar reasons, the Order granting sanctions against GSFA is infirm. First, there is no evidence in the record as to the capacity in which GSFA acted in attempting to collect from the Debtor. It was merely the *suspicion* of counsel for ECMC that GSFA was acting as the servicing agent for Wells-Fargo. [B Doc. 31 at 9]. In Wells-Fargo we have a supposed *third* guarantor of the debt. It is assumed that Wells-Fargo took an assignment of something from ECMC, just as the parties appear to assume that ECMC took an assignment from USA Funds. There is nothing in the record, however, to support such assumptions. Moreover, it is entirely unclear whether any such assignment would have been of the Note or of the right of reimbursement. Assignment of the discharged Note would, of course, have availed Wells-Fargo nothing. Therefore, on this

---

[5] Of the six findings plus the footnote to which the Debtor assigns error, all find facts that are unsupported by the record, except findings 9 and 10 which accurately recount the *position* ECMC took below.

record it cannot be determined whether GSFA's efforts were lawful, or whether GSFA was acting as a stranger to the transaction.

In addition, there is nothing in the record to show what notice GSFA had regarding the discharge of the underlying debt on the Note. The issue of notice is crucial to the inquiry of whether a party has violated the discharge injunction of 11 U.S.C. §524. <u>Johnston v. Valley Credit Services, Inc.</u> (<u>In re Johnston</u>), 2007 WL 3166941 (Bankr. N.D.W.Va. 2007) (citing <u>ZiLOG, Inc. v. Corning</u> (<u>In re ZiLOG, Inc.</u>) 450 F.3d 996, 1007 (9th Cir. 2005) and <u>Bessette v. Avco Fin. Serv.</u>, 230 F.3d 439, 445 (1st Cir. 2000)). The transcript of the hearing before the Bankruptcy Court shows that it was provided with and reviewed documents detailing GSFA's collection efforts. These presumably showed what notice GSFA had. For whatever reason, no party filed these documents in the record. Therefore, this Court cannot review anything regarding GSFA's notice.

For these reasons the Order of the Bankruptcy Court granting sanctions against GSFA and denying sanctions against ECMC must be reversed, and this matter remanded for further proceedings.

**IT IS THEREFORE ORDERED** that the Order of the Bankruptcy Court entering sanctions against Respondent Georgia Student Finance Authority/Georgia Higher Education Assistance Corp. and denying

sanctions against Education Credit Management Corporation is hereby **REVERSED**, and this matter is hereby **REMANDED** for further proceedings consistent with this opinion.

Signed: March 29, 2013

Martin Reidinger
United States District Judge